IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CINDY SHELTON**, *as plenary guardian of the person and estate of Cody Confer, a disabled person*, | ) ) ) ) |
| **Plaintiff**, | ) ) ) |
| vs. | ) ) Case No. 22-cv-138-DWD |
| **UNION PACIFIC RAILROAD COMPANY,** **UNION PACIFIC CORPORATION,** **VILLAGE OF BONNIE,** **JEFFERSON COUNTY,** **MICHAEL WEBB,** **ZACHARY GILLESPIE, and** **JAMES FARMER,** | ) ) ) ) ) ) ) ) ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

In this removed matter, Plaintiff Cindy Shelton, as Plenary Guardian of the Person and Estate of Cody Conger, a disabled person, seeks recovery of damages on behalf of Cody Confer following the injuries he sustained after his vehicle was struck by a train in Jefferson County, Illinois. This case was originally filed in the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois against Defendants Union Pacific Railroad Company and Union Pacific Corporation (Doc. 1-5). Defendant Union Pacific Railroad Company removed the case to this Court asserting of federal diversity jurisdiction (Doc. 1).

1

On March 15, 2022, Plaintiff filed her First Amended Complaint against Defendants Union Pacific Railroad Company and Union Pacific Corporation, and also joins New Defendants, the County of Jefferson, Illinois, Village of Bonnie, Illinois, Michael Webb, Zachary Gillespie, and James Farmer as additional defendants (Doc. 28).[1] In conducting a *sua sponte* review of the allegations in the First Amended Complaint, the Court observes that federal subject jurisdiction may be lacking in this case as a result of Plaintiff's amendment and joinder of these New Defendants. *See Foster v. Hill*, 497 F.3d 695, 696–97 (7th Cir. 2007) ("It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case."); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it"); *Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004) (a district court's "first duty in every suit" is "to determine the existence of subject-matter jurisdiction").

The exercise of federal subject matter jurisdiction in diversity requires generally, that the parties to a case be of diverse state citizenship and that an amount in excess of $75,000, exclusive of interest and costs, be in controversy. *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enterprises Inc.*, 533 F.3d 542, 547 (7th Cir. 2008). "For a case to be within the diversity jurisdiction of the federal courts, diversity must be 'complete,' meaning that no plaintiff may be a citizen of the same state as any defendant." *Fid. & Deposit Co. of Maryland v. City of Sheboygan Falls*, 713 F.2d 1261, 1264 (7th Cir. 1983). For

---

[1] The Amended Complaint adds new party defendants and additional claims, but none of the new material is underlined as required by Local Rule 15.1 *See* SDIL-LR 15.1 ("All new material in an amended pleading must be underlined."). Plaintiff is reminded to consult the local rules before filing amended pleadings.

purposes of federal diversity jurisdiction, the state citizenship of a natural person is determined by the state where the person is domiciled, meaning the state where the person is physically present with the intent to remain there. *See Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996); *Perry v. Pogemiller*, 16 F.3d 138, 140 (7th Cir. 1993).

In her First Amended Complaint, Plaintiff has failed to properly allege the citizenship of several parties. First, Plaintiff has failed to allege her own citizenship, although Defendant Union Pacific Railroad alleges that Plaintiff is a citizen of Illinois. (*See Notice of Removal*, Doc. 1, at ¶ 6). Similarly, Plaintiff has failed to allege the citizenships of New Defendants Michael Webb, Zachary Gillespie, and James Farmer, although she alleges, "upon information and belief" that these defendants reside in Illinois (Doc. 28, ¶¶ 12, 14, 16). It is well settled in the Seventh Circuit that a jurisdictional allegation based upon information and belief is insufficient to establish federal subject matter jurisdiction. *See Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (per curiam); *Murphy v. Schering Corp.*, 878 F. Supp. 124, 125–26 (N.D. Ill. 1995) ("[S]ubject matter jurisdiction must be a matter of certainty and not of probabilities (however high)."). Further, a party's residence is not relevant in establishing federal subject matter jurisdiction in diversity. Rather, the party's citizenship is the only relevant question under 28 U.S.C. § 1332. *See Pollution Control Indus. of Am., Inc. v. Van Gundy*, 21 F.3d 152, 155 (7th Cir. 1994).

Nevertheless, the Court observes that the First Amended Complaint does allege that New Defendants Village of Bonnie and Jefferson County are municipal entities of Illinois (Doc. 28, ¶¶ 8, 10). *See, e.g., Muscarello v. Ogle Co. Bd. of Com'rs.*, 610 F.3d 416, 424

(7th Cir. 2010) (it is well established "that for purposes of diversity of citizenship, political subdivisions are citizens of their respective States.") (internal citations omitted); *Oledzka v. City of Chicago*, 1989 WL 39500, at * 1 (N.D. Ill. Mar. 16, 1989) (municipalities and municipal corporations are citizens of their respective states). Therefore, these allegations indicate that Plaintiff and at least two Defendants are all citizens of Illinois, and complete diversity of citizenship no longer exists.[2] Accordingly, the Court will direct the parties that have appeared in this matter to submit briefs on the limited issue of whether federal jurisdiction exits in this case.

Moreover, the parties will be directed to address the propriety of the joinder of the New Defendants, Village of Bonnie, Jefferson County, Michael Webb, Zachary Gillespie, and James Farmer, in Plaintiff's amended complaint. The joinder of diversity-defeating parties after removal is governed by 28 U.S.C. § 1447, which provides, in pertinent part, that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). In evaluating the propriety of the joinder of a non-diverse party after removal, the Seventh Circuit has instructed courts to consider: (1) the plaintiff's motive for seeking joinder, particularly whether the purpose is to defeat federal jurisdiction; (2) the timeliness of the request to amend; (3) whether the plaintiff will be significantly injured if joinder is not allowed; and (4) any

---

[2]Defendant Union Pacific Railroad Company is an alleged citizen of Delaware and Nebraska, and Defendant Union Pacific Corporation is an alleged citizen of Utah and Nebraska (Doc. 28, ¶¶ 3, 5; *see also* Doc. 1, ¶ 7); *see* 28 U.S.C. § 1332(c)(1) (a corporation "shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.").

4

other relevant equitable considerations. *See Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 759 (7th Cir. 2009).

"The decision to permit joinder of diversity-defeating parties is discretionary and guided essentially by equitable considerations." *Brown v. Alter Barge Line, Inc.*, 461 F. Supp. 2d 781, 784 (S.D. Ill. 2006). In order to permit joinder of a diversity-defeating party after removal, it is not necessary that the non-diverse party be an indispensable party. *See Goutanis v. Mut. Grp. (US)*, 1995 WL 86588, at *6 (N.D. Ill. Feb. 24, 1995); *Vasilakos v. Corometrics Med. Sys., Inc.*, No. 93 C 5343, 1993 WL 390283, at *2 (N.D. Ill. Sept. 30, 1993). Moreover, in evaluating a post-removal attempt to join a non-diverse party, a key inquiry is whether a plaintiff's motive for joining such a party is to defeat federal jurisdiction. *See, e.g., In re Bridgestone/Firestone, Inc., ATX, ATX II*, 129 F. Supp. 2d 1202, 1205 (S.D. Ind. 2001) (a plaintiff's failure to provide an explanation as to why she sought to join a non-diverse defendant until after removal may raise an inference of a motivation to defeat diversity jurisdiction). If a district court decides to permit the joinder of a non-diverse party after removal, it must remand, rather than dismiss, the case. *See Schur*, 577 F.3d at 759; *Brown v. Alter Barge Line, Inc.*, 461 F. Supp. 2d 781, 785 (S.D. Ill. 2006).

Accordingly, the parties to this case who have appeared (Plaintiff Cindy Shelton, Union Pacific Railroad Company, and Union Pacific Corporation) are **ORDERED** to submit briefing on the Court's subject matter jurisdiction and the propriety of the joinder of the Village of Bonnie, Jefferson County, Michael Webb, Zachary Gillespie, and James Farmer as party Defendants under 28 U.S.C. § 1447(e). Plaintiff, Union Pacific Railroad

Company, and Union Pacific Corporation shall submit their briefs on or before **April 6, 2022**.  None of the requested briefs should exceed fifteen (15) pages in length.

**All defendants, including Union Pacific Railroad Company, and Union Pacific Corporation, are NOT required to answer or respond to Plaintiff's First Amended Complaint until after the Court enters an order resolving these jurisdictional issues.**

Finally, now that Plaintiff has filed an amended complaint, the motion to dismiss (Doc. 11) filed by Defendant Union Pacific Corporation is no longer directed at the operative complaint in this matter and is therefore rendered moot.  Therefore, the Motion (Doc. 11) is **DENIED, as moot, and without prejudice**.

    **SO ORDERED.**

Dated: March 16, 2022

_____
DAVID W. DUGAN
United States District Judge